**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELITE TRANSIT SOLUTIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1549 |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ALPHONSO CUNNINGHAM and NAFISA | ) | Re: ECF No. 142 |
| MITRECIC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is Defendants' Motion for Sanctions related to the discovery deposition of the designated corporate representative for Plaintiff Elite Transit Solutions, LLC ("Elite"). ECF No. 142. Elite has filed its response, and a transcript of the contested deposition has been filed. ECF Nos. 147, 149.  For the reasons that follow, the Motion for Sanctions is denied.

Federal Rule of Civil Procedure 30(b)(6) permits a party to name a corporation or other organization as a deponent. The party seeking an organization's testimony "must describe with reasonable particularity the matters for examination," and the organization is required to designate one or more persons to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

"A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access. Therefore, a corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must prepare its designee to be able to give binding answers on its behalf ... [and] perform a reasonable inquiry for information that is noticed and reasonably

available to it." <u>State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.</u>, 250 F.R.D. 203, 216 (E.D. Pa. 2008) (internal citations and quotation marks omitted).

When a designee is not prepared or is shown to have failed to perform the required inquiry, sanctions may be imposed pursuant to Rule 37(d). <u>Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.</u>, 228 F.3d 275, 301 (3d Cir. 2000).

> [I]f a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf. <u>See generally</u> Fed. R. Civ. P. 30 advisory committee's notes (stating that the procedure outlined in subdivision (b)(6) should be viewed as "an added facility for discovery" and would "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts). "For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to 'encouraging dilatory tactics.'" <u>Al Barnett & Son, Inc.</u>, 611 F.2d at 35 (quoting <u>Cine Forty–Second Street Theatre v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1068 (2d Cir. 1979)). Thus, we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "[p]roducing an unprepared witness is tantamount to a failure to appear" that is sanctionable under Rule 37(d).

<u>Id.</u> at 304. "When this occurs and a corporation presents an inadequate and unprepared corporate deposition designee, the court has broad discretion in framing a remedy for a violation of Rule 30(b)(6)'s obligation to provide an informed corporate designee, and may in the exercise of that discretion order the corporation to produce another fully informed and appropriately prepared designee." <u>Wartluft v. Milton Hershey Sch. & Sch. Tr.</u>, No. 1:16-CV-2145, 2017 WL 4698102, at *6 (M.D. Pa. Oct. 19, 2017) (citing <u>State Farm</u>, 250 F.R.D. at 223). And, in appropriate situations, attorney's fees and costs associated with taking the deposition and bringing a sanctions motion may be awarded. <u>Black Horse Lane</u>, 228 F.3d at 281.

In this case, Defendants deposed Elite's chief executive officer on December 21, 2022, and again January 16, 2023. ECF No. 151-1; ECF No. 172 at 147. Elite's 30(b)(6) representative was deposed on January 24, 2023. He was prepared and willing to address a range of subjects identified by Defendants in the deposition notice, but could not provide information on other topics. ECF No. 149 at 41-48. Defendants rejected an offer by Elite's counsel to reconvene to permit further preparation. Instead, Defendants requested that Elite agree to forgo the filing of motions for summary judgment and proceed to trial. Id. at 11. The parties failed to reach agreement and contacted the undersigned's chambers regarding their impasse and Defendants' election to pursue sanctions. Id. at 142. The parties were directed to file a motion for an extension of time to conduct discovery and a motion for sanctions, if considered appropriate. Id. at 148.

Defendants filed the pending motion for sanctions later that day, and Elite followed with two motions to extend discovery and related deadlines. ECF Nos. 144, 145. On January 25, 2023, the Court granted Elite's motions to extend all deadlines to permit the deposition to be reconvened and deferred ruling on the Motion for Sanctions. ECF No. 146. The parties conducted a second deposition of the witness on January 27, 2023. ECF No. 151-1. Elite filed its response to the Motion for Sanctions on January 31, 2023. ECF No. 147.

The transcript of the challenged deposition reflects that it was conducted using Zoom conferencing technology. ECF No. 149 at 2. The deponent acknowledged audio issues and requested that Defendants' counsel to appear on camera to facilitate comprehension. Defendants' counsel did not have the capacity for camera access. ECF No. 149 at 10. Defendants' counsel also would not permit the deponent to independently review exhibits shown on counsel's screen because doing so would require counsel to cede control of his computer. Id. at 27-28. Thus, the deponent could see only portions of documents for the time counsel chose to show them. That said,

despite being instructed to do so on the deposition notice, the deponent did not bring copies of documents previously produced by Elite with him to the deposition. Thus, inquiry was hampered on many topics that the deponent was prepared to address. ECF No. 147 at 3-7. The deponent also shared that he did not possess the necessary background to discuss certain topics including computer program licensing and potential damages suffered by trade secret misappropriation. Instead, he identified individuals best able to discuss subjects that he lacked familiarity. At that point, rather than complete the deposition as to the many topics within the deponent's knowledge, Defendants' counsel unilaterally ended the deposition and contacted the Court.

The Court agrees that the deponent's lack of preparation to address all of the topics included on the notice runs counter Rule 30(b)(6). However, in this instance, the deponent was prepared to discuss many topics identified; yet Defendants' counsel opted to end the deposition without further inquiry and refused Elite's offer to reconvene. In addition, the videoconference deposition hampered the deponent's full participation because of audio and document review issues. Under the totality of these circumstances, the Court ordered the relief warranted by extending the discovery deadline to permit further examination of Elite's 30(b)(6) witness. Thus, the Motion for Sanctions is properly denied. An appropriate Order follows.

WHEREFORE, this 27th day of July 2023, it is HEREBY ORDERED that Defendants' Motion for Sanctions, ECF No. 142, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to

be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.


BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via CM/ECF.